**"EXHIBIT P"**



**CHARGES AND SPECIFICATIONS**
PD 468-121 (Rev. 1-02)-Pent

**SUSPENDED**

Page 1 of 2

Date: **04/11/2013**

| Command | Serial No. | I.A.B. Log No. | I.A.B. Member Notified | Department Advocate's Office |
|---|---|---|---|---|
| 388 - MEDICAL DIVISION | 13-13 | 13-16291 | #PO Rolon | Serial Number **2013-9361** |

## TO THE POLICE COMMISSIONER:

| I hereby CHARGE | Rank-Title **POM** | Name **CLIFFORD RIGAUD** | Shield No. **17179** | Tax Reg. No. **931923** |
|---|---|---|---|---|
| Squad or Chart No. | | Command **HOUSING PSA 6** | Date Entered Dept. **07/22/2002** | |

with VIOLATION OF DEPARTMENT REGULATIONS

### SPECIFICATIONS

**1** Said Police Officer Clifford Rigaud, assigned to Police Service Area #6, while on-duty and on dismissal probation, on or about April 2, 2013, having been directed by New York City Police Sergeant Davor Milevoj, Tax #916226, to report to the Psychological Evaluation Section, did fail and neglect to comply with said order.

PG 203-03 Pg. #1 para. 2                                COMPLIANCE WITH ORDERS

**2** Said Police Officer Clifford Rigaud, assigned to Police Service Area #6, while on-duty and on dismissal probation, on or about April 2, 2013, was discourteous to New York City Police Captain James Donnelly in that said Police Officer stated in sum and substance, "I'm not a cop" and then hung up the phone.

PG 203-09 Pg. #1 para. #2                               GENERAL REGULATIONS

KENNETH E COREY
INSPECTOR

---

**Instructions:** After all specifications are entered, list witnesses for the department. (If witness is civilian, enter name and address on Official Letterhead PD 158-151). If member of the force, give rank, name, shield number and command. Also indicate scheduled vacation (if any), chart, squad no., or working schedule of complainant, respondent and witnesses (if member of the department).

D.P.

**1ST ENDORSEMENT**

DEPUTY COMMISSIONER, PERSONNEL to the POLICE COMMISSIONER, April 22, 2013.

concur with the issuance of charges and specifications.

Arnold S. Wechsler
DEPUTY COMMISSIONER

---

## INSTRUCTIONS FOR SERVICE OF CHARGES AND SPECIFICATIONS

1. Respondent will sign and complete where appropriate:

   a. original charges and specifications
   b. vacation and military leave form
   c. two (2) copies of instructions and receipt of charges and specifications
   d. agreement to accept service of notice form (when requested in suspension cases only).

2. Respondent will receive:

   a. one (1) copy of charges and specifications
   b. one (1) copy of instructions and receipt of charges and specifications form

---

## ACKNOWLEDGEMENT OF SERVICE

I acknowledge due personal service on me of the within Charges and Specifications and notice of Hearing, this _____ day of _____, 20 ___ at _____ AM/PM

**WITNESS**                             **RESPONDENT**

_____                  _____
(Rank-Title)                            (Rank-Title)

---

**DATE STAMP**

| D.A.O. | CMD PREFER C & S | | | HIGHER COMMAND | | D.A.O. |
| (Out) | (In) | (Out) | | (In) | (Out) | (In) |

POLICE DEPARTMENT
CITY OF NEW YORK

April 18, 2013

From:     Commanding Officer, Medical Division, Medical Section

To:       First Deputy Commissioner

Subject:  **SERVICE OF CHARGES AND SPECIFICATIONS AGAINST POLICE OFFICER CLIFFORD RIGAUD, TAX #931923, POLICE SERVICE AREA 6, VIPER 1**

1. On Tuesday, April 2, 2013 at 1730 hours Police Officer Clifford Rigaud, Tax #931923, Police Service Area 6, Viper 1 was re-suspended by Captain James Donnelly, Commanding Officer, Medical Division, Medical Section under the authority of Assistant Chief Michael E. Shea, Commanding Officer, Personnel Bureau.

2. The Psychological Evaluation Section received this case as a communication from the Police Commissioner's Office directing that Police Officer Rigaud be evaluated as a result of his disciplinary matters.

3. Police Officer Rigaud was re-suspended for failure to comply with a lawful order, for being Absent Without Leave and for being discourteous to a supervisor. On April 2, 2013 at approximately 1725 hours Captain James Donnelly called Police Officer Rigaud and told him, "I know people have contacted you about coming in for a fitness for duty evaluation. I'm going to give you a direct order; you could either say yes or no". Police Officer Rigaud interrupted the undersigned and said "I'm not a cop" and then hung up the phone.

4. On Monday, April 1, 2013 at approximately 0930 hours Dr. Anna Penque, Psychological Evaluation Section left a message for Police Officer Rigaud. Also on April 2, 2013 at approximately 1230 hours Sergeant Davor Milevoj, Tax #916226, Medical Division, Absence Control and Investigations Unit called Police Officer Rigaud because the officer did not respond to Dr. Penque's message for him to call her back. Sergeant Milevoj spoke with Police Officer Rigaud via telephone, and Sergeant Milevoj told the officer "I am giving you an order to report to the Psychological Evaluation Section tomorrow, April 2nd at 1100 hours". Police Officer Rigaud stated that "I am out of town. I am not a cop and according to the Patrol Guide I am not allowed near a police facility. I am suspended. I am not a cop". Sergeant Milevoj then asked the officer when he would be back and Police Officer Rigaud stated "In a few days". At approximately 1300 hours Police Officer Rigaud called Dr. Penque and stated to her that he "Will be coming in at eleven o'clock, I have to rearrange my schedule". At 1530 Police Officer Rigaud called Dr. Penque back and said "I will not be coming in. I spoke to my attorney and supervisors and I'm not coming in". Dr. Penque then asked Police Officer Rigaud for his

attorney's name but he refused to give it to her. Dr. Penque then told Police Officer Rigaud that she was going to speak to her supervisor and asked whether the phone number that she had on record for Police Officer Rigaud was good to get back into contact with him. Police Officer Rigaud told Dr. Penque "You can call, but I'm not going to answer". It should be noted that Police Officer Rigaud was informed on several occasions that he would be paid for appearing while under suspension.

5. In conclusion, Police Officer Rigaud was re-suspended from duty for failure to comply with a lawful order, for being Absent Without Leave and for being discourteous to a supervisor. Charges and Specifications were prepared by Agency Attorney Vivian Joo for the above noted misconduct. Internal Affairs Bureau, Police Officer Rolon notified, log #2013-16291 was assigned.

6. For your information.

Kenneth E. Corey
Inspector

KEC/cmc

NYPD VS. POLICE OFFICER CLIFFORD RIGAUD, TAX #931923 2012-8728



**CHARGES AND SPECIFICATIONS**
PD 468-121 (Rev. 1-02)-Pent

Page 1 of 2

Date: 03/06/2013

| Command | Serial No. | I.A.B. Log No. | I.A.B. Member Notified | Department Advocate's Office |
|---|---|---|---|---|
| 497 - INTERNAL AFFAIRS BUREAU | 66 | 13-9741 | # - PO Nelson | Serial Number 2012-8728 |

## TO THE POLICE COMMISSIONER:

| I hereby CHARGE | Rank-Title POM | Name CLIFFORD RIGAUD | Shield No. 17179 | Tax Reg. No. 931923 |
|---|---|---|---|---|
| Squad or Chart No. | | Command HOUSING PSA 6 | Date Entered Dept. 07/22/2002 | |

with VIOLATION OF DEPARTMENT REGULATIONS

### SPECIFICATIONS

**1** Said Police Officer Clifford Rigaud, while assigned to the 103rd Precinct, on or about and between November 1, 2011 and November 30, 2011, having become aware of an allegation of corruption or other misconduct involving a Member of Service, did fail and neglect to notify the Internal Affairs Bureau Command Center.

P.G. 207-21 Pages 1-2

ALLEGATIONS OF CORRUPTION AND OTHER MISCONDUCT AGAINST MEMBERS OF THE SERVICE

SYLVESTER Y GE
DEPUTY INSPECTOR

---

**Instructions:** After all specifications are entered, list witnesses for the department. (If witness is civilian, enter name and address on Official Letterhead PD 158-151). If member of the force, give rank, name, shield number and command. Also indicate scheduled vacation (if any), chart, squad no., or working schedule of complainant, respondent and witnesses (if member of the department).

**1ST ENDORSEMENT**

Executive Officer, I.A.B. to the POLICE COMMISSIONER, March 7th 20 13 . I concur with the issuance of charges and specifications.

Gary Strebel
Assistant Chief

## INSTRUCTIONS FOR SERVICE OF CHARGES AND SPECIFICATIONS

1. Respondent will sign and complete where appropriate:

   a. original charges and specifications
   b. vacation and military leave form
   c. two (2) copies of Instructions and receipt of charges and specifications
   d. agreement to accept service of notice form (when requested in suspension cases only).

2. Respondent will receive:

   a. one (1) copy of charges and specifications
   b. one (1) copy of instructions and receipt of charges and specifications form

## ACKNOWLEDGEMENT OF SERVICE

I acknowledge due personal service on me of the within Charges and Specifications and notice of Hearing, this _____ day of _____, 20 ____ at _____ AM/PM

| WITNESS | | RESPONDENT | |
|---|---|---|---|
| (Rank-Title) | | (Rank-Title) | |

**DATE STAMP**

| D.A.O. | CMD PREFER C & S | | HIGHER COMMAND | | D.A.O. |
|---|---|---|---|---|---|
| (Out) | (In) | (Out) | (In) | (Out) | (In) |

NYPD VS. POLICE OFFICER CLIFFORD RIGAUD, TAX #931923,2012-8704



**CHARGES AND SPECIFICATIONS**
PD 468-121 (Rev. 1-02)-Pent

Page 1 of 2

| | |
|---|---|
| Date | 03/06/2013 |

| Command | Serial No. | I.A.B. Log No. | I.A.B. Member Notified # - | Department Advocate's Office |
|---|---|---|---|---|
| 820 - HOUSING INVESTIGATIONS UNIT | | | | Serial Number **2012-8704** |

## TO THE POLICE COMMISSIONER:

| I hereby CHARGE | Rank-Title | Name | Shield No. | Tax Reg. No. |
|---|---|---|---|---|
| | POM | CLIFFORD RIGAUD | 17179 | 931923 |

| Squad or Chart No. | Command | Date Entered Dept. |
|---|---|---|
| | HOUSING PSA 6 | 07/22/2002 |

with VIOLATION OF DEPARTMENT REGULATIONS

### SPECIFICATIONS

1  Said Police Officer Clifford Rigaud, while assigned to Housing PSA 6, Viper 1, on or about September 7, 2012, was discourteous to Sergeant Jose Camacho, to wit: said Police Officer threw a clipboard onto a table while Sergeant Camacho was on the telephone and spoke to Sergeant Camacho in a loud and rude manner regarding his regular days off.

P.G. 203-09 Page 1, Para. 2           GENERAL REGULATIONS

*[signature]*
DONALD G CUSACK
DEPUTY INSPECTOR

---

Instructions: After all specifications are entered, list witnesses for the department. (If witness is civilian, enter name and address on Official Letterhead PD 158-151). If member of the force, give rank, name, shield number and command. Also indicate scheduled vacation (if any), chart, squad no., or working schedule of complainant, respondent and witnesses (if member of the department).

**1ST ENDORSEMENT**

Chief of Housing Bureau to the POLICE COMMISSIONER, March 07, 20 13, I concur with the issuance of charges and specifications.

*Joanne Jaffe*
Chief of Housing Bureau

---

## INSTRUCTIONS FOR SERVICE OF CHARGES AND SPECIFICATIONS

1. Respondent will sign and complete where appropriate:

   a. original charges and specifications
   b. vacation and military leave form
   c. two (2) copies of instructions and receipt of charges and specifications
   d. agreement to accept service of notice form (when requested in suspension cases only).

2. Respondent will receive:

   a. one (1) copy of charges and specifications
   b. one (1) copy of instructions and receipt of charges and specifications form

---

## ACKNOWLEDGEMENT OF SERVICE

I acknowledge due personal service on me of the within Charges and Specifications and notice of Hearing, this _____ day of _____, 20 ____ at _____ AM/PM

| WITNESS | | RESPONDENT | |
|---|---|---|---|
| (Rank-Title) | | (Rank-Title) | |

### DATE STAMP

| D.A.O. | CMD PREFER C & S | | | HIGHER COMMAND | | D.A.O. |
|---|---|---|---|---|---|---|
| (Out) | (In) | (Out) | | (In) | (Out) | (In) |

REPORT UNDER
IAB Log # 12-47780
M-Case # 12-2864
HBIU # 12-1068

## POLICE DEAPRTMENT
## CITY OF NEW YORK

November 13, 2012

From:  Commanding Officer, Housing Bureau Investigations Unit

To:  First Deputy Commissioner

Subject:  **REQUEST THAT THE DEPARTMENT ADVOCATE'S OFFICE PREPARE CHARGES AND SPECIFICATIONS AGAINST POLICE OFFICER CLIFFORD RIGAUD, TAX No. 931923, ASSIGNED TO PSA6/VIPER 1.**

1. The undersigned respectfully requests the Department Advocate's Office prepare Charges and Specifications against Police Officer Clifford Rigaud, Tax No. 931923, currently assigned to PSA 6/Viper 1 ( Grant Houses) for being Discourteous to a Supervisor on September 07, 2012. On the day of this incident, PO Rigaud was involved in an MOS/MOS altercation with his immediate supervisor within the Viper Base. The preliminary investigation into the incident was conducted by Captain Paul Lichtbraun, the Patrol Borough Manhattan North Duty Captain under the direction of Inspector Dennis Dequatro, Commanding Officer of Mid Town South Precinct, with the assistance of the Housing Investigations Unit. The follow up investigation was conducted by Sergeant Brendan Quinn and Sergeant Matthew Alfieri, of the Housing Bureau Investigations Unit, under IAB Log No. 12-11341, 12-52514, M-Case No. 12-643. Details of the investigation are as follows:

2. On Friday, September 07, 2012, at approximately 2100 hours Police Officer Clifford Rigaud, Tax No. 931923, of Viper One did approach his supervisor Sergeant Jose Camacho while he was engaged in a telephone conversation and placed a clipboard down in front of him in a antagonistic manner. With an agitated voice he proceeded to interrupt Sgt Camacho's phone call with inquires into the recent changes to his Regular Days Off (RDOs). He was lead to believe that his current Tuesday/Wednesdays (RDOs) would be moved to Sunday/Mondays and that such amendments would take effect in the upcoming week. Upon a review of the following week's schedule, which was kept on the aforementioned clipboard, he discovered that the changes were rescinded. He then chose that exact moment to question Sgt Camacho about the matter at hand. At the completion of his phone call, Sgt Camacho motioned to PO Rigaud to join him in a rear room so he may explain to him in private as to why he was not afforded the RDO change. PO Rigaud refused to accompany him to the room and proceeded to accuse Sgt

Camacho of having a personal role in him not receiving the Sunday/Monday RDO adjustment. Sgt Camacho provided PO Rigaud the opportunity to view several text messages that explained who and why the decision was made not to change his RDOs. PO Rigaud refused to view the context of the messages and repeatedly blamed him for reversal in the decision.

3. Sergeant Jose Camacho, Tax No. 914703, was interviewed under the guidelines of PG 206-13 and stated the following: Sgt Camacho performed a 1500x2323 tour, assigned as the Viper One Supervisor. He explained that during the previous week PO Riguad requested that his Regular Days Off (RDOs) be changed to Sundays and Mondays. His current RDOs were Tuesday and Wednesdays. He instructed PO Riguad to make the request through the Operations Coordinator of PSA 6. On the date of incident, at approximately 2100 hours he was seated at the monitoring review station and PO Riguad who was standing to his left looked at the clipboard that contained the following week's roll call and became upset when he noticed that his RDOs were not changed. He then threw the clipboard onto the table that Sgt Camacho was sitting at. PO Riguad then stated in an elevated voice "Why don't I have Sunday and Mondays? I know you have something to do with it." Sgt Camacho told him to let him hang up the phone and he will explain what happened. In an attempt to defuse the situation Sgt Camacho asked PO Riguad to go to the back room with him so he can explain what happened to him in private and PO Riguad stated " No, we are going to do it right here." Sgt Camacho offered to allow PO Riguad to view several text messages that he received through out the day from Sgt Connors, the second platoon, Viper Supervisor that explained why the RDO changes were not made. He refused to view the messages and further insisted that the RDO change was made by the Operations Coordinator already and accused Sgt Camacho of personally intervening in the adjustment. "Sgt Camacho told him "I don't ever want you to throw the clipboard like that or I am going to give you a CD for discourtesy." He then told him to calm down, PO Riguad then stated "I wont calm down you threatened me, I want the Duty Captain." He then called the PSA 6 Desk Officer to request lost time, after he was not granted lost time he informed the Desk Officer that Sgt Camacho had threatened him and he is in fear for his safety.

4. Sergeant Andrew Johnson, Tax No. 941966, the PSA 6 Desk Officer, was interviewed and stated that at 2100 hours he received a telephone call from PO Rigaud, who requested lost time. When Sgt Johnson explained to him that lost time could not be granted due to the fact that there were no excusals permitted, PO Riguad stated "I have to get out of here for my safety, Sgt Camacho threatened me." A short time later, Sgt Johnson received a call from Sgt Camacho who explained that PO Rigaud had a problem with his RDOs and was discourteous to him. Sgt Johnson contacted the Patrol Supervisor, Sgt Weiner who responded to Viper One; Sgt Weiner requested the response of the Duty Captain.

5. Police Officer Jorenyi Martinez, Tax No. 947802, was interviewed under the provisions of PG 206-13 and stated the following: PO Martinez performed a 1500x2323 tour assigned to Viper One. At approximately 2100 hours she was monitoring the cameras when she heard PO Rigaud and Sgt Camacho become involved in a verbal

disagreement. She remembered that the argument concerned the switching of PO Rigaud's RDOs, but could not recall any further details of the dispute. She did not hear any loud noises, but confirmed that both parties spoke with elevated voices. She briefly exited the Viper One room and when she returned the argument was over.

6. Police Officer Clifford Riguad, Tax No. 931923, was interviewed under the guidelines of PG 206-13. PO Riguad performed a 1500x2323 tour, assigned to Viper One. He began his tour at physical therapy located at 115-72 Francis Lewis Blvd. He arrived at the Viper Base from physical therapy at approximately 1650 hours. He claimed that at 2100 hours, he picked up the roll call clipboard to check his schedule for the upcoming week. He explained that he was informed by Sgt Connors that his RDOs were changed to Sundays and Mondays. Upon reviewing the schedule he noticed that his days off were changed back to his original RDOs, Tuesdays and Wednesdays. He approached Sgt Camacho who at the time was still currently on the phone. He made him aware of the scheduling conflict and proceeded to place the clipboard next to him. He then returned to his seat. After approximately two minutes Sgt Camacho hung up the phone and PO Riguad stated to him "what happened with the RDO change?" Sgt Camacho explained to him that Sgt Connor informed him that the RDO change for him was not approved for Sundays and Mondays because he was presently on Level Two Monitoring. Sgt Camacho then stood up and approached him in an aggressive manner and told him "don't ever throw a freaking clipboard at me again." PO Riguad responded "are you threatening me Sarge?" Sgt Camacho stated "Yes I am." PO Riguad stated "I know you did it" and Sgt Camacho responded "it was Lt. Mangino that made the decision." PO Riguad claimed that as Sgt Camacho approached him, he stood up and his back was against the monitoring wall. He told him to back off. Sgt Camacho directed him to take his seat and PO Riguad then called PSA 6. He spoke to the Desk Officer, Sgt Johnson and requested lost time because the situation was getting hostile and he needed to leave for his safety. PO Rigaud acknowledged that he recorded the entire encounter on his personal cell phone for his own safety.

7. The following transcription is based on a review of the audio recording made by PO Rigaud on the date of the incident. Sgt Camacho is heard engaged in a conversation on the telephone. A distinct thud sound is heard (to which PO Rigaud identified as him placing the clipboard on the table). PO Rigaud states "when you get off the phone I need to ask you a question." Sgt Camacho responds "huh?" PO Rigaud then replies" Sgt Connors said I had Sunday/Monday off this weekend." "What happened?" Sgt Camacho does not immediately respond and proceeds to continue with his telephone conversation for several minutes. At the completion of the call PO Rigaud states "no no were gonna be right here." Sgt Camacho stated "don't you ever in your freaking life slam that again." PO Rigaud stated "I didn't slam anything; Sgt Connors said that I had Sunday/Mondays off." "What happened?" Sgt Camacho stated "you threw it on the." "I got a text message today from Sgt Connors that everything is going to stay the same, aforementioned not being quoted your Level Two Monitoring you can not be switched, Murphy can not be switched." PO Rigaud asked "who said that?" Sgt Camacho replied "Mangino." PO Rigaud stated "nah, nah, nah you had something to do with it." Sgt Camacho replied "I had nothing to do with it." PO Rigaud stated "yes you did, yes you

did." Sgt Camacho replied "I had nothing to do with it. Do you wanna see the text message from Connors that he said Mangino made a mistake? I will show them to you. If I had something to do with it, guess what? I would tell you and yes I had everything to do with it." PO Rigaud stated "That makes no sense, because Santana is Level Two. Then what happens with that?" Sgt Camacho replies "Throw those people under the bus who had their names on it. I had nothing to do with it, but don't you ever in your freaking life throw that shit at me again." "Alright?" PO Rigaud stated "I didn't throw it at you. I placed it down." Sgt Camacho replied "Yes you did." (He demonstrated by throwing the clipboard down on the table). PO Rigaud stated "I placed it down there." Sgt Camacho replied "I swear to god, I swear to god if you ever do that again." PO Rigaud interjected "First of all, don't threaten me, don't threaten me." Sgt Camacho responds "I am threaten you, go ahead throw it again, throw it again." PO Rigaud states "Don't threaten me, don't threaten me Sergeant, you are a NYPD Sergeant." Sgt Camacho replies "I am giving you a CD, you threw the." PO Rigaud repeatedly responds "Do not threaten me." Sgt Camacho repeatedly stated "You threw the clipboard." PO Rigaud replies several times "Do not threaten me." Sgt Camacho asked "Why did you do that?" PO Rigaud continuously responds "Sergeant back away from me." Sgt Camacho directs him "Sit down, sit down." PO Rigaud replies "No, I am going to call Lieutenant Reid, you just threatened me." Both individuals immediately conducted separate telephone calls requesting a response of a PSA 6 supervisor to the Viper Base to mediate the current situation.

8. Police Officer Clifford Rigaud Personnel Profile Record and Central Personnel Index were reviewed and revealed he was appointed 07/22/2002; He was placed on Modified Assignment on December 22, 2006 following a domestic dispute. On March 23, 2010 he received Charges and Specifications for being discourteous by yelling at a fellow officer and a supervisor. On August 23, 2010 PO Rigaud was in a department vehicle accident in which he was found to be at fault. He was placed on Level One Discipline Monitoring on December 13, 2010 based on his history with the department. On January 28, 2011 PO Rigaud was modified for insubordination because of discourteous behavior to the commanding officer of the 103rd Precinct. On March 11, 2011 he was placed on Level Two Discipline Monitoring based on his overall record. Charges and Specifications were preferred on PO Riguad on May 17, 2011 for failing to comply with an order from a supervisor and discourtesy to Deputy Inspector Charles McEvoy.

9. The investigation into this matter has substantiated that Police Officer Clifford Rigaud was discourteous toward Sergeant Camacho. PO Rigaud acknowledged that he observed Sgt Camacho engaged in a telephone conversation and an inappropriate manner flung a clipboard in his direction startling him. A review of the audio recording provided by PO Rigaud clearly established that when he approached Sgt Camacho to inquire about his RDOs he did not have his attention and proceeded to abruptly interrupt him. He admitted that there was adequate time remaining in the tour for him to wait until the conclusion of the telephone call to question him in regards to the recent schedule change. At the completion of his telephone conversation, Sgt Camacho invited PO Rigaud into the back room of the Viper Base in an attempt to deescalate the situation and discuss the RDO change. PO Rigaud refused to follow him and in an elevated voice

accused Sgt Camacho several times of personally intervening in the RDO adjustment that would have permitted him Sunday/Monday RDOs.

10.  For your consideration.

Donald Cusack
Deputy Inspector

Report Under:
IAB LOG #12-19830
CASE# C12-0268
QIAB #12-100

# POLICE DEPARTMENT
# CITY OF NEW YORK

March 7, 2013

From:    Commanding Officer, Internal Affairs Bureau, Group #27

To:      First Deputy Commissioner

Subject: **CHARGES AND SPECIFICATION HAVE BEEEN PREFERED ON POLICE OFFICER CLIFFORD RIGAUD, TAX # 931923, HOUSING PSA 6**

1. Charges and Specifications have been preferred against Police Officer Clifford M. Rigaud, Tax # 931923, PSA 6 (Viper 1), for failing to notify IAB about alleged police corruption. The details of the investigations are as follows:

2. On February 8, 2012 PO Rigaud sent an E-mail to Sgt. Adeel S. Rana, tax# 935565 wherein he stated that sometime in November 2011 he became aware of an allegation of police corruption from an unnamed and unidentified complainant/victim in the confines of the 103rd Precinct, wherein the C/V stated to PO Rigaud that he was arrested sometime in either 2007 or 2008 with $500.00 USC in his possession and upon his release only $75.00 was returned to him. During his PG hearing PO Rigaud stated he did not notify IAB because he did not have any specific or detailed information about the incident. PO Rigaud failed to make the proper notification to I.A.B. as per Patrol Guide Procedure 207-21 "Allegations of Corruption and Serious Misconduct against Members of the Service" which states that members of the service are mandated to report all allegations of corruption directly to the IAB Command Center.

3. PO Rigaud is currently on modified assignment in Housing PSA 6, Viper 1. IAB log# 13-9741, PO Nelson, IAB Command Center notified.

4. For your Information and Attention.

Sylvester Ge
Deputy Inspector